## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JEROME E. WATSON, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 12-294-GPM** |
| | ) | |
| **S.A. GODINEZ, MARC HODGES,** | ) | |
| **CHAPLAIN VAUGHN, SGT. LYNCH,** | ) | |
| **LAWRENCE CORRECTIONAL** | ) | |
| **CENTER ADMINISTRATION, and** | ) | |
| **LAWRENCE CORRECTIONAL** | ) | |
| **CENTER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter comes before the Court on the Court's Show Cause Order, which was issued August 16, 2012 (Doc. 10). The relevant procedural background for this case begins on April 16, 2012, when the Court denied Plaintiff's motion for leave to proceed in forma paupers ("IFP") without prepayment of the Court's usual $350 filing fee for a civil action. *See* 28 U.S.C § 1914(a). Prior to this lawsuit, Plaintiff had been assessed three "strikes" within the meaning of 28 U.S.C. § 1915(g). Accordingly, Plaintiff was prohibited from proceeding IFP unless he was under imminent danger of serious physical injury. *See* U.S.C. § 1915(g). Plaintiff was not in imminent danger and was therefore required to pay the filing fee in full on or before April 30, 2012 (*See* Doc. 7).

Plaintiff failed to pay the filing fee as ordered and the Court dismissed Plaintiff's case (*See* Doc. 9). It is important to note that under 28 U.S.C. § 1915, Plaintiff incurred the obligation to

pay the filing fee for this action when he commenced the case.   Moreover, the obligation to pay the filing fee continues, regardless of later developments in the case, such as a denial of request to proceed IFP.   *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). The Court ordered Plaintiff to show cause why Plaintiff should not be barred from filing any further papers in this Court until Plaintiff pays the $350 filing fee for this action in full.

Plaintiff's untimely response (Doc. 11) to the Court's Order apologized for not being well versed in the law (*See* Doc. 11).   According to Plaintiff, his unsuccessful history with lawsuits is due to his lack of access to proper legal books (*See* Doc. 11).   The Court finds this response insufficient to stave off the appropriate course of action here – a bar from the filing of further papers until Plaintiff pays the filing fee in full.

The Seventh Circuit Court of Appeals is clear in its instruction that when a prisoner, who is ineligible to continue litigating under § 1915(g), continues to file suits without paying the necessary filing fee, a filing bar is an appropriate solution.   "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, [they] are not entitled to sue and appeal, period.   Abuses of process are not merely not to be subsidized; they are to be sanctioned."   *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Accordingly, **IT IS HEREBY ORDERED** that Jerome Watson Jr. (and any alias he may operate under), IDOC Register No. K89634, is **BARRED** from filing any new papers in this Court until such time as he has paid to the Clerk of Court the filing fee for this action in full.   *See Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008) (*citing Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997)).   The Clerk is **DIRECTED** to return any unfiled papers Jerome Watson Jr. submits.   Exempt from this filing restriction are: a notice of appeal in this case; a petition for a writ of habeas corpus; and any papers sought to be filed by Plaintiff in a civil or criminal case in

which Plaintiff is a party defendant.   *See In re Chapman*, 328 F.3d 903, 905-06 (7th Cir. 2003); *In re Davis*, 878 F.2d 211, 212-13 (7th Cir. 1989).   Plaintiff may petition the Court for modification or rescission of this Order not sooner than two (2) years from the date of entry of this Order, assuming that Plaintiff fails to pay the balance of the filing fee for this action within two years of the date of entry of this Order.   *See United States ex rel. Verdone v. Circuit Ct. for Taylor County*, 73 F.3d 669, 674-75 (7th Cir. 1995);   *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1985).   Any papers submitted to the Court by Plaintiff while this filing restriction is in place shall be accompanied by a copy of this Order.

**IT IS SO ORDERED.**

**DATED**: January 17, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge